IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

JORGE CHAVEZ,

      Petitioner,

v.                                                    Case No. 1:21-cv-00317

WARDEN, FCI MCDOWELL,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1, 20)[1] and Respondent's Motion to Dismiss (ECF No. 27), asserting that Petitioner's petition is moot. This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner filed the instant petition seeking prior custody credit for time spent in a Peruvian jail while awaiting extradition on the Florida federal charges; specifically, he seeks credit for the time period between August 14, 2002 and December 20, 2002. (ECF

---

[1] Petitioner initially filed this petition in the United States District Court for the Southern District of Florida, where he was convicted. However, it was then transferred to the United States District Court for the Middle District of Pennsylvania because Petitioner was then incarcerated at the Moshannon Valley Correctional Institution in Phillipsburg, Pennsylvania. The Middle District of Pennsylvania administratively closed the case because Petitioner had not paid the applicable filing fee or filed an application or motion to proceed *in forma pauperis*. Petitioner subsequently paid the filing fee and then the Pennsylvania federal court reopened the case and transferred it to this district because, by that time, Petitioner was incarcerated in this district at FCI McDowell. When the matter was reopened in Pennsylvania, the petition (ECF No. 1) was re-docketed in ECF No. 20. The undersigned will refer to both document numbers herein.

No. 1 at 6-7; ECF No. 20 at 6-7).   On October 14, 2021, Respondent filed a Response asserting that Petitioner unsuccessfully raised a similar claim in a prior 2241 petition filed in the United States District Court for the Western District of Pennsylvania under the name "Jorge Chavez Montoya."   (ECF No. 26 at 2-5).   As noted by Respondent, the Pennsylvania federal court found that "between 2002 and 2005 petitioner was in custody on a Peruvian sentence and therefore could not receive credit for that time against his United States sentence[.]"   (*Id.* at 3) (citations omitted).

Thus, Respondent asserted that Petitioner's petition should be dismissed as successive under 28 U.S.C. § 2244(a) and as an abuse of the writ of habeas corpus.   (*Id.*) Petitioner did not file any reply in opposition to Respondent's argument.   Nonetheless, as noted in Respondent's recently filed Motion to Dismiss, the petition must also be dismissed because Petitioner was subsequently released from BOP custody on April 4, 2024, and his request for relief is moot.   (ECF No. 27 at 1-3).

## ANALYSIS

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review.   U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).   When a case or controversy no longer exists, the claim is said to be "moot."   In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance.   *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v.*

2

*Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D.W. Va. 2007).

As noted above, Petitioner has been released from BOP custody; thus, this federal court is no longer able to grant his requested relief.   Therefore, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition is now moot due to his release from BOP custody without collateral consequences.   Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss (ECF No. 27), **DENY AS MOOT** Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1, 20), and dismiss this matter from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S.

140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner at his last known address.

May 13, 2024

Dwane L. Tinsley
United States Magistrate Judge

4